UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| CALLTROL CORPORATION, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | COMPLAINT |
| v. | : | |
| | : | |
| LOXYSOFT AB and LOXYSOFT INC., | : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendants. | : | |

Plaintiff Calltrol Corporation ("Calltrol"), by and through its attorneys Zimmerman Law Group and Tully Rinckey PLLC complains against Defendants LoxySoft AB and LoxySoft Inc. (together "LoxySoft" or "Defendants") as follows:

**THE PARTIES**

1. Calltrol is a corporation formed under the laws of the State of New York having its headquarters in New York.

2. Upon information and belief, LoxySoft AB is a business formed under the laws of Sweden having its headquarters in Stockholm, Sweden, that conducts business in this jurisdiction.

3. Upon information and belief, LoxySoft Inc. is a Delaware corporation that conducts business in this jurisdiction.

4. Upon information and belief, LoxySoft Inc. is a wholly owned-subsidiary of LoxySoft AB.

5. Upon information and belief, LoxySoft AB directs and manages the actions of LoxySoft Inc.

## JURISDICTION

6. Count 5 of this action is in the nature of a civil action regarding allegations of unfair competition and false advertising under the laws of the United States, Titles 15. Thus, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

7. Counts 1, 2, 3 and 4 of this action are in the nature of breach of contract, tortious interference with prospective economic advantage, unfair competition under state law, and deceptive practices.  The Court has subject matter jurisdiction of the State law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transaction and occurrences giving rise to the federal jurisdiction.

8. The Court has also subject matter jurisdiction as and between Plaintiff and Defendant Loxysoft AB under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive or interest and costs, and Plaintiff and Defendant Loxysoft AB are citizens of different states.  Accordingly, subject matter jurisdiction over Counts 1, 2, 3 and 4 as and between Plaintiff and Loxysoft AB is conferred upon this Court by 28 U.S.C. §§ 1332(a).

## VENUE

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) as the defendant parties all conduct business in this district and resolution of the issues between Calltrol and Defendants, respectively, are appropriate to be adjudicated in this district.

10. Venue is also proper in this district because an Agreement between the parties dated March 26, 2002, which states: "8.2 Applicable Law, Jurisdiction, and Venue This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of laws. The parties agree that the application of the United Nation Convention on the International Sale of Goods is specifically excluded. Jurisdiction for

litigation of any dispute, controversy or claim arising out of or in connection with this Agreement, or the breach thereof shall be only in the Federal or the State Court with competent jurisdiction located in Westchester County, State of New York."

11.     Further, Defendants have each committed actions directed against a resident of this jurisdiction, i.e., Calltrol, that have caused harm to said resident in this jurisdiction.

## FACTS

12.     Calltrol is an authorized distributor of contact center software products and other third-party products for C.T. Ventures, Inc.

13.     Calltrol sells contact center software and hardware products, and related support services.

14.     In March 2002, Calltrol entered into a "Reseller Agreement" with LoxySoft AB by which LoxySoft AB became a licensee of Calltrol to market and resell certain contact center products for which Calltrol was a licensed distributor (the "Reseller Contract").  A copy of the Reseller Contract is attached hereto as Exhibit 1.

15.     Pursuant to Schedule A of the Reseller Contract, LoxySoft AB agreed to purchase contact center software products, software developer kits, and related support services from Calltrol.  A copy of Schedule A is attached hereto as Exhibit 2.

16.     Paragraph 6.3 of the Reseller Contract provides that "[d]uring the term of this Agreement" LoxySoft AB "will not directly or knowingly indirectly participate in the development or commercialization of software products competitive to the [Calltrol] Products".

17.     Paragraph 7.1 of the Reseller Contract provides that it had "an initial term of two (2) years" and "thereafter automatically renew[ed] for successive one (1) year periods (each a "Renewal Period") unless earlier terminated in accordance with the terms" therein.

18. Paragraph 7.1 of the Reseller Contract provides that LoxySoft AB had to provide "written notice" of termination of the same to Calltrol.

19. This action alleges a breach of the Reseller Contract in that the actions of LoxySoft AB complained of herein precede written notice of termination of the Reseller Contract to Calltrol as would be required by Paragraph 7.1 if the Reseller Contract was, in fact, terminated.

20. This action alleges that LoxySoft AB and LoxySoft Inc. tortiously interfered with Calltrol's prospective economic benefit from relationships with third parties, and in particular, that LoxySoft AB's continuation of the March 2002 Contract with Calltrol, without effective termination, and Defendants' actions in then beginning to market and sell their own contact center products and services (the "Competing Products") that compete with the products and services that Defendants used to purchase from Calltrol and then resell, have diminished the value of such Calltrol's products and services and damaged their licensability in violation of a covenant made by Loxysoft AB to avoid such sales.

21. This action alleges that LoxySoft AB and LoxySoft Inc. competed unfairly with Calltrol by engaging in competition with Calltrol in violation of the Reseller Contract, and otherwise failing to advise Calltrol in writing that LoxySoft AB was intending to terminate or not be further bound by the terms of the Reseller Contract, and then beginning to sell their Competing Products and services to the same customers to whom Defendants previously resold Calltrol's contact center products and services.

22. This action alleges that LoxySoft AB and LoxySoft Inc. each engaged in false and deceptive practices, including reverse passing off, by including intellectual property of Calltrol in

its products sold in Interstate Commerce, while claiming that the products originated from Loxysoft AB and/or LoxySoft Inc., and thus violated Section 43(a) of the Lanham Act.

23. The action alleges that LoxySoft AB and LoxySoft Inc. engaged in unfair competition, by employing intellectual property and trade secrets of Calltrol, outside the scope of any license or right, in the conduct of its business in Interstate Commerce, including but not limited to its development and sale of Loxysoft outbound contact center technologies, despite knowledge that this was prohibited by agreements with Calltrol, and thus violated Section 43(a) of the Lanham Act.

24. This action alleges that LoxySoft AB and LoxySoft Inc. engaged in deceptive trade practices, e.g., in violation of New York General Business Law § 349, by without advising Calltrol in writing that LoxySoft AB was intending to terminate or otherwise not be bound by the terms of the Reseller Contract, beginning to sell their Competing Products to the same customers to whom Defendants previously resold Calltrol's contact center products and services.

## FIRST COUNT

### BREACH OF CONTRACT AGAINST LOXYSOFT AB

25. Calltrol repeats each of the allegations contained in paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

26. In March 2002, LoxySoft AB and Calltrol entered into the Reseller Contract by which Calltrol granted LoxySoft AB a non-exclusive license to resell Calltrol's contact center products and services.

27. Paragraph 7.1 of the Reseller Agreement required that LoxySoft advise Calltrol in writing if LoxySoft intended to terminate the Reseller Agreement.

28. Thus, LoxySoft AB had a contractual obligation to provide written notice to Calltrol if it sought to terminate the Reseller Contract. The Reseller Contract otherwise automatically renewed annually after the initial two-year term.

29. Upon information and belief, the development, implementation, and/or use of the Competing Products involved the use and misappropriation of Calltrol Confidential Information, Trade Secrets, and Copyrights, the use of which is restricted under Section 4.0 of the Reseller Contract.

30. Loxysoft AB has failed to use its best efforts to market Calltrol's products, in violation of section 6.1 of the Reseller Contract.

31. Loxysoft AB has sold "Products" as encompassed by the Reseller Contract, without concurrent sale of Calltrol's products or services, in violation of Section 6.2

32. LoxySoft AB's violation of the terms of the Reseller Agreement, including but not limited to Paragraph 6.3, which prohibits "directly or knowingly indirectly participat[ing] in the development or commercialization of software products competitive to the [Calltrol] Products", is wrongful and contravenes the aforementioned agreement.

33. Calltrol has not breached any obligation it has to LoxySoft AB.

34. Calltrol has been damaged and continues to be damaged by LoxySoft AB's willful and intentional breach of the contract in an amount to be determined at trial.

## SECOND COUNT

**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC BENEFIT**

35. Calltrol repeats each of the allegations contained in paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

36. A claim of tortious interference with prospective economic advantage requires a showing of a reasonable expectation of advantage from a prospective contractual or economic relationship; that the defendant interfered with this advantage intentionally and with malice (without legitimate justification or excuse); that the interference caused the loss of the expected advantage; and that the injury caused economic damage.

37. Calltrol's contact center products and services are directed to technology useful in automating and improving the efficiency of contact center operations.

38. As the licensed distributor of such contact center products and services, including those software products and services that it contracted with LoxySoft AB to use its best efforts to resell pursuant to the Reseller Contract, Calltrol enjoyed an expectation of continued prospective economic benefit in the conduct of its business distributing such products and services.

39. Calltrol had a reasonable expectation of economic benefit both from its distribution, and from LoxySoft AB's reselling, of contact center products and services.

40. Calltrol had enjoyed past success in distributing contact center products and services and received revenues from those activities, including revenues from LoxySoft AB's reselling of such products and services.

41. Calltrol's expectation was reasonable by virtue of its past success in distributing such products and services to third parties.

42. Upon information and belief, LoxySoft AB did not advise Calltrol that it was terminating the Reseller Contract because it did not want to alert Calltrol to the fact that together with LoxySoft Inc., Defendants would be selling Competing Products rather than continue to sell Calltrol's products and services.

43. As a result of the success it had attained in distributing its products and services, Calltrol maintained an expectation of economic benefit derived from of the continued resale of such products and services by LoxySoft AB.

44. As a result of the actions of Defendants, Calltrol has been wrongfully deprived of the sale of contact center products and services to which it is and was entitled.

45. Upon information and belief, Defendants had knowledge of Calltrol's expectancy of this continued prospective economic benefit but chose to intentionally and without proper justification or legitimate excuse interfere with that expectancy by virtue of the conduct alleged herein.

46. There was, and is, a reasonable probability that Calltrol would have received the above-referenced anticipated continued economic benefit in the absence of the Defendants' interference and unlawful conduct.

47. Defendants wrongfully and intentionally interfered with such prospective economic benefits by virtue of the conduct set forth in this Complaint.

48. Defendants' acts of interference have been committed in bad faith and with malice for at least the reasons set forth above.

49. Such conduct on the part of Defendants has injured and continues to injure Calltrol at least to the extent of lost sales revenues in an amount to be determined at trial.

## THIRD COUNT

### UNFAIR COMPETITION

50. Calltrol repeats each of the allegations contained in paragraphs 1 through 50 of the Complaint with the same force and effect as if fully set forth herein.

51. A common law claim of unfair competition requires a plaintiff to show that "the defendant has acted unfairly in some manner.''

52. In the present case, LoxySoft AB garnered recognition and financial success by reselling Calltroll's contact center products and services.

53. Upon information and belief, rather than provide written notice to Calltrol that it was terminating the Reseller Contract, LoxySoft AB and LoxySoft Inc. instead sought to, and in bad faith did, misappropriate the commercial advantage attained from its resale of contact center products and services that rightfully belonged to Calltrol, to benefit themselves by selling their Competing Products to the detriment of Calltrol.

54. The obligation of best efforts by Loxysoft AB set forth in Paragraph 6.1 of the Reseller Contract restricted Loxysoft AB from selling competing products, and therefore the sale of such products by Loxysoft AB was wrongful and unfair.

55. Calltrol has been damaged and continues to be damaged by Defendants' unfair competition in an amount to be determined at trial.

## FOURTH COUNT

**DECEPTIVE BUSINESS PRACTICES
NEW YORK STATE GENERAL BUSINESS LAW § 349**

56. Calltrol repeats each of the allegations contained in paragraphs 1 through 56 of the Complaint with the same force and effect as if fully set forth herein.

57. Section (a) of New York Consolidated Law, General Business Law § 349 entitled "Deceptive Acts and Practices Unlawful" provides that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

58. Section (h) of GBS § 349 provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff."

59. By virtue of the acts complained of in this Complaint including, but not limited to, deceptively failing to employ its best efforts to market Calltrol's products and services, and the wrongful use of Calltrol Confidential Information, Trade Secrets, and Copyrighted materials, during the term of the Reseller Contract, and without providing written notice to Calltrol that it was terminating the Reseller Contract, then beginning to sell its Competing Products, including to third parties to whom it previously sold Calltrol's products and services, Defendants engaged in deceptive business practices that are unlawful under GBS § 349.

60. Calltrol has been damaged and continues to be damaged by Defendants' willful and intentionally deceptive business practices in an amount to be determined at trial.

### FIFTH COUNT

**UNFAIR COMPETITION AND REVERSE PASSING OFF
THE LANHAM ACT SECTION 43(A) 15 U.S.C. §1125(A)**

61. Calltrol repeats each of the allegations contained in paragraphs 1 through 61 of the Complaint with the same force and effect as if fully set forth herein.

62. The Lanham Act Section 43(a), 15 U.S.C. § 1125(a)(1) provides:

15 U.S. Code § 1125 - False designations of origin, false descriptions, and dilution forbidden

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

63. By virtue of the acts complained of in this Complaint including, but not limited to, deceptively failing to identify the true source of the intellectual property contained within its products, and their use of Calltrol Confidential Information, Trade Secrets, and Copyrighted materials, Defendants engaged in false designations of origin and false descriptions that are unlawful under 15 U.S.C. § 1125(a)(1).

64. Calltrol has been damaged and continues to be damaged by Defendants' willful and intentionally false and deceptive business practices, and unfair competition resulting therefrom, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Calltrol demands judgment against Defendants as follows:

(a). Judgment against the Defendants, jointly and severally;

(b). Compensatory, direct, consequential and punitive damages against Defendants in an amount to be determined at trial;

(c). Pre and post-judgment interest;

(d). Costs, disbursements and attorney's fees;

(e). An award of punitive damages to Calltrol on account of Defendants' acts of breach of contract, tortious interference, unfair competition, and deceptive business practices;

(f). A preliminary and permanent injunction enjoining Defendants, their members, officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them from continuing their acts of breach of contract, tortious interference, unfair competition, and deceptive business practices;

(g). An award of Calltrol's costs; and

(h). Such further and additional relief as to the Court deems just and appropriate.

By: /s/Jean-Marc Zimmerman
Jean-Marc Zimmerman
Zimmerman Law Group
233 Watchung Fork
Westfield, NJ 07090
Tel: (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com

Steven M. Hoffberg
Tully Rinckey PLLC
777 Third Avenue
New York, NY 10017
Tel: (646) 201-9100
Fax: (646) 705-0049
SHoffberg@tullylegal.com

Attorneys for Plaintiff Calltrol Corporation

Dated: October 2, 2018