# EXHIBIT 1

# Reseller Agreement

Agreement No. **1539**

This Agreement is by and between Calltrol Corporation, ("Calltrol"), a New York corporation located at 400 Columbus Ave, Valhalla NY 10595, and

_____Loxy Soft AB_____

("Reseller").

WHEREAS, Calltrol is an authorized distributor of C.T. Ventures, Inc., ("CTV") software products and other third party products (collectively, the "Products") and, subject to the terms and conditions of this Agreement, desires to grant Reseller the right to market and resell the Products in conjunction with Reseller products and services of significant value; and

WHEREAS, Reseller is in the business of marketing and distributing computer-related products and desires to have the right to market and resell the Products.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the parties hereto agree as follows:

## 1.0 General

**1.1 License**   Upon the terms and subject to the conditions of this Agreement, Calltrol hereby grants to Reseller a non-exclusive, non-transferable right and license to market and resell the Products identified in Schedule A. Reseller shall only resell the Products to end-users (the "End-Users") who enter into the applicable End-User License Agreement (attached as Schedules C and D) for use with a Calltrol-furnished enabling/disabling "dongle" which Calltrol shall enable for continued productive use of the Product(s) after full payment to Calltrol for the particular Product(s). The Products shall be in executable object code form only and Reseller and its customers shall have no right to the source code of such Products. Reseller shall not, and shall not permit its End-Users to, modify, translate, decompile, nor create or attempt to create, by reverse engineering or otherwise, the source code from the object code of the Products supplied hereunder, or adapt the Products in any way or for use to create a derivative work or in any way attempt to decode the copy protection key or otherwise defeat the operation of the "dongle". Reseller acknowledges that any third party Products, other than CTV proprietary product, will be provided subject to the applicable third party license.

**1.2 The Territory, Proprietary Rights**   Reseller may market and resell the Products world wide. Reseller agrees that it will not permit the Products to be present in any country which does not respect the proprietary rights in the Products.

**1.3 License of the Software Developer's Kit**   The Reseller shall be granted a license to use the Software Developer's Kit (the "SDK") under the terms and conditions of the Schedule D license but for the sole purpose of developing applications for its customers of other Products. If Reseller is authorized to resell use of the SDK, each authorized End-User must sign a license in the form of Schedule D and a fully signed copy will be forwarded to Calltrol prior to providing the End-User with access to the SDK. If Reseller is also an End-User of Products, Reseller must agree to the terms of the End-User License Agreement for each license Reseller uses as an End-User.

**1.4 Product Changes**   Calltrol and its licensor retain the right, in its or their discretion, to upgrade or modify the Products from time to time. In addition, upon thirty (30) days prior written notice to Reseller, Calltrol may add or delete Products from Schedule A. Upon receipt of any such notice of an upgrade or modification, or upon the expiration of the notice period set forth above for additions or deletions, Reseller shall cease to market and resell earlier versions of the Products and/or Products deleted.

**1.5 Use of Trademarks and Trade Names**   Any and all trademarks and trade names which Calltrol or CTV uses in connection with the license granted hereunder are and remain the exclusive property of Calltrol or CTV. Nothing contained in this Agreement shall be deemed to give Reseller any right, title or interest in any trademark or trade name of Calltrol or CTV relating to the Products. Subject to notice from Calltrol in writing, which modifies or cancels such authorization, during the term of this Agreement, Reseller may use the trademarks and trade names specified by CTV in writing for normal advertising and promotion of Products.

## 2.0 Price, Payment and Shipment

**2.1 Price**   Prices to Reseller are as stated in Schedule B. Upon thirty (30) days prior notice to Reseller, Calltrol may increase or decrease the Prices upon written notice to Reseller.

**2.2 Orders, Payment, Shipment and Dongles**   Upon Calltrol's receipt of a written order (each an "Order") together with a copy of a signed Software Developers Kit License Agreement if the End-User is to receive the SDK, Calltrol will ship to Reseller the designated quantities of the Products. Any credit terms shall be as stated in Schedule B but Calltrol reserves the right at any time in its sole discretion to require payment in advance of shipment. The terms and conditions of this Agreement shall apply to all Orders and control over any different or additional terms on any Reseller Order form. All Orders shall be subject to acceptance by Calltrol. Calltrol shall use its best efforts to ship promptly but shall not be liable for any damages to Reseller or to any third party caused by delay or error in filling, or failure to fill, any Orders for any reason. Reseller acknowledges that Products and the related dongle will not be enabled by Calltrol to be full functioning without date limitation until Calltrol has received full payment for the particular Products. Reseller also acknowledges that Calltrol will require approximately three (3) business days after payment to do such enabling.

**2.3 Taxes**   In addition to the Price and other fees payable hereunder, Reseller shall pay any federal, state, local or other duties and excise taxes, now or hereafter applied on the sale, transportation, import, export, licensing or use of the Products including sales tax, value added tax or similar tax and any interest and penalties. Any taxes imposed by federal, state, or any local government or any amount in lieu thereof, including interest and penalties thereon, paid or payable at any time by CTV and/or Calltrol in connection with transactions under this Agreement, but not including any taxes based on CTV and/or Calltrol net income, shall be borne by Reseller.

## 3.0 Maintenance and Support, Calltrol Consulting Services

**3.1 End-User Support**   Reseller, and not Calltrol or CTV, is responsible for providing its End-Users all application development, consulting, training and direct End-User support and maintenance. During the term of this Agreement providing Reseller is not in default of its payment or other obligations under this Agreement, Calltrol will provide new versions and fixes to reseller on an "as available" basis and without charge unless separately priced as a separate Product. Reseller agrees that such support will be provided by Reseller only to End-Users under Reseller warranty or maintenance service and for which all applicable fees have been paid to Calltrol. Calltrol reserves the right to designate any modified or updated versions of the Product as new Products, which are not required to be provided under Calltrol support. Such new Products will only be provided to Reseller for distribution to End-Users under maintenance subject to the payment of additional license and support fees as designated by Calltrol. Calltrol will use reasonable efforts to respond to Reseller's inquiries regarding support in a timely manner. However, Calltrol does not guarantee the timeliness of its responses or that it will be able to answer all of Reseller's inquiries. Reseller shall reimburse Calltrol for any out-of-pocket expenses incurred, including, without limitation, telephone, shipping, insurance and travel-related expenses. But no travel will be undertaken except upon request of Reseller. Reseller support prices and services are in Schedule E.

**3.2 Calltrol Consulting Services**   Any consulting services in connection with training, application development, customization or other services requested of Calltrol and furnished by Calltrol shall be furnished at Calltrol's then standard rates for such services unless furnished under a written Calltrol quote specifying different terms.

## 4.0 Confidentiality and Proprietary Rights

**4.1 Confidentiality**   Reseller and Calltrol acknowledge that, in the course of dealings, each may acquire information about the other party, its business activities and operations, its technical information and trade secrets, including but not limited to the SDK, which the party considers confidential and proprietary (the "Confidential Information"). Confidential Information shall not include information generally available to or known by the public, or information independently developed outside the scope of this Agreement. Each party shall hold all such Confidential Information in strict confidence and shall not reveal the same except pursuant to a court order or upon request of the other party. The Confidential Information shall be safeguarded with at least as great a degree of care as each party uses to safeguard its own most confidential materials or data relating to its own business, but in no event less than a reasonable degree of care.

**4.2 SDK Proprietary Rights**   Reseller acknowledges and agrees that the SDK and its related documentation are valuable trade secrets of CTV and/or Calltrol and title thereto remains in CTV and/or Calltrol and are not to be disclosed directly or indirectly, by Reseller to any person, company or institution whatsoever other than as expressly set forth in this Agreement. Reseller consents to injunctive relief for any breach or threatened breach of this provision, Reseller hereby agreeing that other remedies are inadequate.

Feb.26. 2002 11:37AM   BUFFALO INT 914 747 8595   No.0899   P. 3/7

**4.3 Unauthorized Copying**   Reseller agrees that it will not copy, modify or reproduce the Programs in any way except as expressly permitted herein or as permitted under the applicable license agreement. Reseller agrees to notify Calltrol promptly upon becoming aware of any circumstances of any unauthorized use or copying of the programs by any person or entity not authorized to do so. Reseller agrees to cooperate with Calltrol and/or CTV in any action necessary to prevent or stop the unauthorized use.

## 5.0 Warranties and Limitation of Liability

**5.1 Limited Warranty to Reseller**   For a period of ninety (90) days from delivery to Reseller, Calltrol warrants that the Products conform to their specifications in all material respects. Any breach of this warranty must be reported in writing within the warranty period in sufficient detail to enable the error to be replicated and a remedy or workaround certified. If Calltrol is unable to provide a fix or workaround within a reasonable time, Calltrol will refund the money paid Calltrol for the particular Product. This is the sole operating warranty and remedy with respect to Products.

**5.2 Warranties to End-Users**   Except to the extent that warranties are made direct to the End-User in the applicable CTV End-User License Agreement, Reseller agrees that all warranties to End-Users shall be solely on behalf of Reseller and not on behalf of Calltrol or CTV. Reseller agrees to defend and save Calltrol and CTV harmless from any Reseller failure to comply with this provision.

**5.3 Disclaimer of Warranties**   EXCEPT FOR THE LIMITED WARRANTY SET FORTH IN SECTIONS 5.1 AND 5.2, THE PRODUCTS ARE PROVIDED "AS IS". CTV AND/OR CALLTROL SPECIFICALLY DISCLAIM ALL WARRANTIES EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT TO THE PRODUCTS AND DOCUMENTATION, OPERATION OF THE PRODUCTS, AND ANY PARTICULAR APPLICATION OR USE OF THE PRODUCTS.

**5.4 Limitation of Liability**   IN NO EVENT SHALL CTV AND/OR CALLTROL BE LIABLE FOR ANY LOSS OF PROFIT OR ANY OTHER COMMERCIAL DAMAGE, INCLUDING BUT NOT LIMITED TO SPECIAL, INCIDENTAL, CONSEQUENTIAL OR OTHER INDIRECT DAMAGES UNDER ANY CAUSE OF ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, CLAIMS ARISING FROM MALFUNCTION OR DEFECTS IN THE PRODUCTS. CTV'S AND/OR CALLTROL'S MAXIMUM LIABILITY HEREUNDER IS EXPRESSLY LIMITED TO THE AMOUNT PAID UNDER THIS AGREEMENT BY RESELLER TO CTV AND/OR CALLTROL WITHIN THE SIX (6) MONTH PERIOD IMMEDIATELY PRECEDING THE CAUSE GIVING RISE TO THE CLAIM.

## 6.0 Reseller Obligations

**6.1 Marketing Efforts**   Reseller agrees to use its best efforts to promote the sale of the Products. Reseller agrees to provide Calltrol with copies of Resellers promotion and advertising material for the Products prior to use. Reseller shall not use and shall withdraw and retract any promotion or advertising that Calltrol finds inaccurate or in breach of the terms of this Agreement.

**6.2 Prohibited Practices**   Reseller may not sell Products except with concurrent sale of Reseller products or services of significant value. Reseller may not make any contracts or commitments on behalf of CTV and/or Calltrol.

**6.3\* Development of Competing Products**   During the term of this Agreement and so long as Reseller has custody or access to any of the Products, Reseller agrees that it will not directly or knowingly indirectly participate in the development or commercialization of software products competitive to the Products but this provision shall not be construed to prevent Reseller from distributing any products, including products competitive with the Products. Reseller represents that it is not currently marketing or developing for marketing software performing functions substantially similar to those performed by any CTV or Calltrol Products, that it has no current intention to develop such software, and that it is not currently consulting to any entity with respect to the development of such software to be marketed to others.

\* Please see exclusion on Attachment 1 (PP) JH

**6.4 Reporting**   Reseller shall provide end-user names, addresses, phone numbers, and contact information to Calltrol as part of an Order. Calltrol shall use this information solely for verification of end-user status.

**6.5 Non-Hire**   The parties agree that neither will solicit for hire, or hire, an employee of the other during the term of this Agreement and for twelve (12) months thereafter. For purposes of this section, an employee is an individual employed by a party in a technical or managerial capacity at any time in the immediately prior six (6) month period without written consent.

**4.3 Unauthorized Copying** Reseller agrees that it will not copy, modify or reproduce the Programs in any way except as expressly permitted herein or as permitted under the applicable license agreement. Reseller agrees to notify Calltrol promptly upon becoming aware of any circumstances of any unauthorized use or copying of the programs by any person or entity not authorized to do so. Reseller agrees to cooperate with Calltrol and/or CTV in any action necessary to prevent or stop the unauthorized use.

## 5.0 Warranties and Limitation of Liability

**5.1 Limited Warranty to Reseller** For a period of ninety (90) days from delivery to Reseller, Calltrol warrants that the Products conform to their specifications in all material respects. Any breach of this warranty must be reported in writing within the warranty period in sufficient detail to enable the error to be replicated and a remedy or workaround certified. If Calltrol is unable to provide a fix or workaround within a reasonable time, Calltrol will refund the money paid Calltrol for the particular Product. This is the sole operating warranty and remedy with respect to Products.

**5.2 Warranties to End-Users** Except to the extent that warranties are made direct to the End-User in the applicable CTV End-User License Agreement, Reseller agrees that all warranties to End-Users shall be solely on behalf of Reseller and not on behalf of Calltrol or CTV. Reseller agrees to defend and save Calltrol and CTV harmless from any Reseller failure to comply with this provision.

**5.3 Disclaimer of Warranties** EXCEPT FOR THE LIMITED WARRANTY SET FORTH IN SECTIONS 5.1 AND 5.2, THE PRODUCTS ARE PROVIDED "AS IS" CTV AND/OR CALLTROL SPECIFICALLY DISCLAIM ALL WARRANTIES EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO, IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT TO THE PRODUCTS AND DOCUMENTATION, OPERATION OF THE PRODUCTS, AND ANY PARTICULAR APPLICATION OR USE OF THE PRODUCTS.

**5.4 Limitation of Liability** IN NO EVENT SHALL CTV AND/OR CALLTROL BE LIABLE FOR ANY LOSS OF PROFIT OR ANY OTHER COMMERCIAL DAMAGE, INCLUDING BUT NOT LIMITED TO SPECIAL, INCIDENTAL, CONSEQUENTIAL OR OTHER INDIRECT DAMAGES UNDER ANY CAUSE OF ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING, WITHOUT LIMITATION, CLAIMS ARISING FROM MALFUNCTION OR DEFECTS IN THE PRODUCTS. CTV'S AND/OR CALLTROL'S MAXIMUM LIABILITY HEREUNDER IS EXPRESSLY LIMITED TO THE AMOUNT PAID UNDER THIS AGREEMENT BY RESELLER TO CTV AND/OR CALLTROL WITHIN THE SIX (6) MONTH PERIOD IMMEDIATELY PRECEDING THE CAUSE GIVING RISE TO THE CLAIM.

## 6.0 Reseller Obligations

**6.1 Marketing Efforts** Reseller agrees to use its best efforts to promote the sale of the Products. Reseller agrees to provide Calltrol with copies of Resellers promotion and advertising material for the Products prior to use. Reseller shall not use and shall withdraw and retract any promotion or advertising that Calltrol finds inaccurate or in breach of the terms of this Agreement.

**6.2 Prohibited Practices** Reseller may not sell Products except with concurrent sale of Reseller products or services of significant value. Reseller may not make any contracts or commitments on behalf of CTV and/or Calltrol.

**6.3\* Development of Competing Products** During the term of this Agreement and so long as Reseller has custody or access to any of the Products, Reseller agrees that it will not directly or knowingly indirectly participate in the development or commercialization of software products competitive to the Products but this provision shall not be construed to prevent Reseller from distributing any products, including products competitive with the Products. Reseller represents that it is not currently marketing or developing for marketing software performing functions substantially similar to those performed by any CTV or Calltrol Products, that it has no current intention to develop such software, and that it is not currently consulting to any entity with respect to the development of such software to be marketed to others.

\* Please see exclusion on Attachment 1

**6.4 Reporting** Reseller shall provide end-user names, addresses, phone numbers, and contact information to Calltrol as part of an Order. Calltrol shall use this information solely for verification of end-user status.

**6.5 Non-Hire** The parties agree that neither will solicit for hire, or hire, an employee of the other during the term of this Agreement and for twelve (12) months thereafter. For purposes of this section, an employee is an individual employed by a party in a technical or managerial capacity at any time in the immediately prior six (6) month period without written consent

## 7.0 Term and Termination

**7.1 Term** This Agreement shall have an initial term of two (2) years from the date last signed below (the "Initial Term"), and shall thereafter automatically renew for successive one (1) year periods (each a "Renewal Term"), unless earlier terminated in accordance with the terms of this Agreement. Either party may terminate this Agreement effective on the last day of the Initial Term, or at the end of any Renewal Term, by serving written notice of such termination on the other party at least ninety (90) days prior to the effective date thereof.

**7.2 Termination** This Agreement may be terminated immediately by Calltrol upon written notice under any of the following conditions:

(a) if Reseller shall be declared insolvent or bankrupt;

(b) if a petition is filed in any court to declare Reseller bankrupt or for a reorganization under the Bankruptcy Law or any similar statute and such petition is not dismissed in sixty (60) days or if a Trustee in Bankruptcy or a Receiver or similar entity is appointed for Reseller;

(c) if Reseller does not pay Calltrol within 10 days of written notice that a payment is overdue;

(d) if Reseller breaches the provisions of Sections 4.1, 4.2 or 5.2 of this Agreement; or

(e) if Reseller otherwise materially breaches the terms of this Agreement, and such breach is not cured within thirty (30) days after written notice of such breach.

**7.3 Duties Upon Termination** Provided termination is not a result of a material breach of Sections 4.1, 4.2, or 5.2, the parties agree to continue their cooperation in order to effect an orderly termination of their relationship. For up to one (1) year after termination, Reseller may continue to fulfill maintenance commitments made in good faith and in accordance with this Agreement prior to notice of termination. Upon termination, Reseller shall have no right to order or receive any additional copies of the Products and all of Reseller's rights and licenses granted hereunder shall immediately cease except to the limited extent necessary to fulfill such maintenance commitments. Within thirty (30) days of termination, Reseller shall return all copies of any promotional materials, marketing literature, written information and reports pertaining to the Products that have been supplied by C.T. Ventures and/or Calltrol except to the limited extent necessary to fulfill maintenance commitments under this Section 7.3.

**7.4 Indemnification for Infringement** Calltrol agrees to defend and indemnify Reseller from any money judgment, costs and attorney fees awarded to the extent due to a claim of infringement of a U.S. patent, copyright, or other intellectual property right by the unmodified Products as furnished by Calltrol. If a Product has been found to infringe or if in Calltrol's judgment such a finding is likely, Calltrol will (i) replace the Product with a non-infringing product of equivalent functionality; or (ii) modify the Product to become non-infringing but of equivalent functionality; or (iii) if neither of the first two alternatives is reasonably available, refund the license fees paid Calltrol for the infringing Product on a five year use amortization basis from the date of delivery to Reseller. This is the sole remedy for infringement. The indemnities of this Section are subject to Reseller granting Calltrol prompt notice of any such claim and granting Calltrol (and/or CTV, as directed by Calltrol) full control of the defense or settlement thereof. These indemnities do not apply to any infringement that would not be such except for Reseller or third party supplied elements.

## 8.0 Miscellaneous

**8.1 Force Majeure** Neither party shall be liable or deemed to be in default for any delay or failure in performance under this Agreement or interruption of service resulting directly or indirectly from acts of God, or any causes beyond the reasonable control of the party.

**8.2 Applicable Law, Jurisdiction, and Venue** This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of laws. The parties agree that the application of the United Nation Convention on the International Sale of Goods is specifically excluded. Jurisdiction for litigation of any dispute, controversy or claim arising out of or in connection with this Agreement, or the breach thereof shall be only in the Federal or the State Court with competent jurisdiction located in Westchester County, State of New York.

**8.3 Right to Examine Records** During the term of this Agreement and for three years thereafter, Reseller shall maintain accurate books and records of all licenses granted for the Products, End-Users receiving maintenance and fees paid and

Initials BS
\\Wt3\Operations\Contract Originals\Reseller Agreement.doc

Page 4 of 11

9/26/2001

payable to Calltrol under this Agreement. Upon reasonable notice to Reseller, and no more frequently than twice a year, Reseller shall make such books and records available to CTV and/or Calltrol for inspection and copying.

**8.4 Export Controls and Certification** Reseller agrees to comply with the Export Control Regulations of the United States and is responsible for compliance with any certification requirements of any country, except the United States, in which Reseller uses or sells the Products.

**8.5 Enforcement by CTV** Reseller agrees that provisions of this agreement affecting proprietary rights and limitations of use affecting the Products may be enforced by either or both Calltrol and CTV.

**8.6 Entire Agreement** This Agreement, including the Schedules attached hereto, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous proposals, both oral and written, negotiations, representations, commitments, writings and all other communications between the parties. This Agreement may not be modified except by a writing signed by a duly authorized representative of each of the parties.

**8.7 Independent Contractors** It is expressly agreed that Calltrol and Reseller are acting hereunder as independent contractors and under no circumstances shall any of the employees of one party be deemed the employees of the other for any purpose. This Agreement shall not be construed as authority for either party to act for the other party in any agency or other capacity, or to make commitments of any kind for the account of or on behalf of the other except to the extent and for the purposes provided for herein.

**8.8 Assignment** This Agreement is not assignable by Reseller except with the advance written consent of Calltrol.

**8.9 Severability and Waiver** If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other part or provision of this Agreement. No waiver by any party of any breach of any provisions hereof shall constitute a waiver of future or continuing breaches unless made in writing signed by the party.

The following attachments are part of this Agreement:
- Attachment 1: Exclusion to Section 6.3 [initials]
- Schedule A: Products and Territory
- Schedule B: Prices and Payment
- Schedule C: End-User License
- Schedule D: SDK License
- Schedule E: Reseller Support
- Schedule F: Technical Contact

IN WITNESS WHEREOF, the parties hereto have executed this Agreement by a duly authorized representative as of the date set forth above.

| | | | |
|---|---|---|---|
| Company: | Loxysoft AB | Calltrol Corporation | |
| Name: | Björn Bylander | Name: | David Friedman |
| Signature: | [signature] | Signature: | [signature] |
| Title: | CEO | Title: | VP. |
| Date: | 2002-02-26 | Date: | 3/29/02 |

payable to Calltrol under this Agreement. Upon reasonable notice to Reseller, and no more frequently than twice a year, Reseller shall make such books and records available to CTV and/or Calltrol for inspection and copying.

**8.4 Export Controls and Certification** Reseller agrees to comply with the Export Control Regulations of the United States and is responsible for compliance with any certification requirements of any country, except the United States, in which Reseller uses or sells the Products.

**8.5 Enforcement by CTV** Reseller agrees that provisions of this agreement affecting proprietary rights and limitations of use affecting the Products may be enforced by either or both Calltrol and CTV.

**8.6 Entire Agreement** This Agreement, including the Schedules attached hereto, constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous proposals, both oral and written, negotiations, representations, commitments, writings and all other communications between the parties. This Agreement may not be modified except by a writing signed by a duly authorized representative of each of the parties.

**8.7 Independent Contractors** It is expressly agreed that Calltrol and Reseller are acting hereunder as independent contractors and under no circumstances shall any of the employees of one party be deemed the employees of the other for any purpose. This Agreement shall not be construed as authority for either party to act for the other party in any agency or other capacity, or to make commitments of any kind for the account of or on behalf of the other except to the extent and for the purposes provided for herein.

**8.8 Assignment** This Agreement is not assignable by Reseller except with the advance written consent of Calltrol.

**8.9 Severability and Waiver** If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other part or provision of this Agreement. No waiver by any party of any breach of any provisions hereof shall constitute a waiver of future or continuing breaches unless made in writing signed by the party.

The following attachments are part of this Agreement:
Attachment 1: Exclusion to Section 6.3 [BB]
Schedule A: Products and Territory
Schedule B: Prices and Payment
Schedule C: End-User License
Schedule D: SDK License
Schedule E: Reseller Support
Schedule F: Technical Contact

IN WITNESS WHEREOF, the parties hereto have executed this Agreement by a duly authorized representative as of the date set forth above.

Company: _Loxysoft AB_

Name: _Björn Bylander_

Signature: _Björn Bylander_

Title: _CEO_

Date: _2002-02-26_

Calltrol Corporation

Name: _David Friedman_

Signature: _[signature]_

Title: _V.P._

Date: _3/29/02_