UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALLTROL CORPORATION,

                Plaintiff,

v.

LOXYSOFT AB and LOXYSOFT INC.,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2021
```

18 CV 9026 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Calltrol Corporation ("Plaintiff") brings this action against Loxysoft AB and Loxysoft Inc. (together, "Defendants"), alleging violation of the Lanham Act, 15 U.S.C. § 1125, and common law claims including breach of contract and tortious interference with prospective economic benefit.[1] Presently before the Court is Defendants' motion to dismiss the Complaint. (ECF No. 20.) For the following reasons, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

    The following facts are taken from Plaintiff's Complaint (ECF No. 5) and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

    Plaintiff sells contact center software and hardware products and related support services. (Compl. ¶ 13.) LoxySoft Inc. is a wholly owned subsidiary of LoxySoft AB. (*Id*. ¶ 4.) In March of 2002, Plaintiff entered into an agreement (the "Reseller Agreement") with LoxySoft AB that granted LoxySoft AB a license to market and resell certain contact center products for which Plaintiff was a licensed distributor. (*Id*. ¶ 14.) LoxySoft AB agreed to purchase contact center

---

[1] Plaintiff also brought causes of action for unfair competition and deceptive business practices in violation of New York State General Business Law § 349, however Plaintiff concedes that it is dropping these claims in its opposition. Therefore, these claims are dismissed without prejudice. (Plaintiff's Response to Defendants' Motion to Dismiss ("Opp.") ECF No. 24, at 7-8.)

1

software products, software developer kits, and related support services from Plaintiff. (*Id*. ¶ 15.) The Reseller Agreement states that "[d]uring the term of this Agreement" LoxySoft AB "will not directly or knowingly indirectly participate in the development or commercialization of software products competitive to the [Plaintiff's] Products." (*Id*. ¶ 16.) The Reseller Agreement also provides "an initial term of two (2) years" and "thereafter automatically renew[ed] for successive one (1) year periods (each a "Renewal Period") unless earlier terminated in accordance with the terms" therein, which included "written notice" to Plaintiff. (*Id*. ¶¶ 17-18.)

Defendants began to market and sell its own contact center products and services ("Competing Products") that competed with the products and services it used to purchase and resell from Plaintiff. (*Id*. ¶ 20.) Defendants did not provide Plaintiff written notice that it intended to terminate the Reseller Contract. (*Id*. ¶ 21.) Defendants also sold Plaintiff's intellectual property while alleging they originated the products. (*Id*. ¶ 22.)

Plaintiff initiated this action on October 6, 2018. (ECF No. 5.) On April 12, 2021, Defendants filed a motion to dismiss (ECF No. 20), and Plaintiff filed a brief in opposition (ECF No. 24.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants aver that the Complaint fails to state claims upon which relief may be granted. The Court will examine each claim in turn.

### I. Breach of Contract

Plaintiff alleges LoxySoft AB breached three portions of the Reseller Agreement, including (i) the confidentiality and proprietary rights section; (ii) "[LoxySoft AB] agrees to use its best efforts to promote the sale of the Products"; and (iii) "[LoxySoft AB] agrees that it will not directly or knowingly indirectly participate in the development or commercialization of software products competitive to the Products[.]" (Reseller Agreement at 4.0; 6.1; 6.3.)[2] Defendants aver that

---

[2] In its opposition, Plaintiff alleges "the pertinent contract provisions at issue are not, as Defendants contend, those in the Reseller Agreement, but rather those in the Software Developer's Kit ("SDK") License Agreement." (Opp. at 1.) This directly contradicts the Complaint, which clearly alleges violations of the Reseller Agreement, and does not mention the SDK License Agreement. (*See* Compl. ¶¶ 25-34.) Plaintiff cannot amend its complaint or raise new claims in its opposition to a motion to dismiss. *See Town and Country Adult Living, Inc. v. Village/Town of Mt. Kisco,* No. 17-CV-8586 (CS), 2019 WL 1368560, at *14 (S.D.N.Y. Mar. 26, 2019) ("It is well established that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Kiryas Joel All. v. Village of Kiryas Joel*, No. 11-CV-3982 (JSR), 2011 WL 5995075, at *10 n.9 (S.D.N.Y. Nov. 29, 2011) ("[P]laintiffs cannot use their opposition to the motion to dismiss to raise new claims or arguments, and thus the

Plaintiff's breach of contract claim is time barred.  (Memorandum of Law in Support of Motion to Dismiss ("Mem.") ECF No. 22, at 4.)

To prevail on a breach of contract claim, a party must prove the following elements: (1) a valid contract existed between the parties; (2) the defendant breached the contract; (3) the plaintiff performed its obligations under the contract; and (4) the plaintiff was damaged as a result of the breach.  *Clear Choice Enters., Inc. v. Cellebrite USA, Inc.*, No. 14-CV-3372 (ADS) (SIL), 2015 WL 1469298, at *6 (E.D.N.Y. Mar. 28, 2015).  New York law provides a six-year statute of limitations for breach of contract claims which commences once the contract is breached.  *T & N PLC v. Fred S. James & Co.*, 29 F.3d 57, 59 (2d Cir. 1994).  "The statute of limitations is an affirmative defense as to which Defendants carry the burden of showing that Plaintiffs failed to plead timely claims."  *Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, 323 F. Supp. 3d 393, 435 (S.D.N.Y. 2018) (citing *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008)).

As an initial matter, the Court may consider the Reseller Agreement in determining the instant motion.  In deciding a motion to dismiss under Rule 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment.  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."  *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  Here, the Reseller Agreement is attached as an exhibit to Plaintiff's Complaint, and therefore it may be considered by the Court.

---

Court does not address the new arguments made in the plaintiffs' memorandum.").  Therefore, the Court will only evaluate Plaintiff's breach of contract claims included in the Complaint alleging breaches of the Reseller Agreement.

Defendants aver that the Reseller Agreement's automatic renewal clause is unenforceable under New York General Obligations Law Section 5-903, and therefore the Reseller Agreement was terminated when LoxySoft AB issued its last payment and Plaintiff disabled its access to the products. (Mem. at 4.) Even accepting, without deciding, that Defendants are correct that the automatic renewal clause is not enforceable, Defendants fail to satisfy their burden. Defendants allege broadly that the Reseller Agreement "terminated on July 10, 2012 when Defendant issued its last payment and Plaintiff disabled Defendant's access to the Products." (Mem. at 4.) This allegation is insufficient to meet their burden of showing Plaintiff's claim is untimely. *See Smith v. City of New York*, 1 F. Supp. 3d 114, 118 (S.D.N.Y. 2013) ("Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'") (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)). The Complaint does not make any allegations regarding when payments ended or when LoxySoft AB's access to its products were cut off. Further, the Courts' review and interpretation of the Reseller Agreement does not indicate that the Court can, as a matter of law, find that the Reseller Agreement terminated on July 12, 2012. As it is not clear from Plaintiff's complaint or the Reseller Agreement that its breach of contract claim is untimely, dismissal is inappropriate at this stage.

Accordingly, the Defendants' motion to dismiss the breach of contract claim is denied.

## II.     Tortious Interference

Plaintiffs also include a claim for tortious interference with prospective economic benefit based on Defendants' alleged sale of Competing Products. (Compl. ¶ 42.) To establish its claim, Plaintiff must demonstrate that "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted

solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004) (internal citation and quotation marks omitted).

Defendants aver that Plaintiff failed to identify a third party with whom it interfered with. (Mem. at 5.)  In response, Plaintiff alleges Defendants resold its products to "various end users" who were its customers.  (Opp. at 7.)  However, this is insufficient for a claim of tortious interference.  *See, e.g., Deaton v. Napoli,* No. 17-CV-4592, 2019 WL 4736722, at *8 (E.D.N.Y. Sept. 27, 2019) ("Failure to identify a specific business relationship with a third party is a 'fatal' deficiency to pleading tortious interference"); *Plasticware v. Flint Hills Res.*, 852 F. Supp. 2d 398, 402 (S.D.N.Y. 2012) (holding the plaintiff's failure to "adequately allege[] *specific* business relationships with which Defendant allegedly interfered" was a fatal deficiency for its tortious interference claim) (emphasis in original).  As Plaintiff has failed to identify a specific business relationship Defendants allegedly interfered with, it cannot establish its claim.

Accordingly, Plaintiff's tortious interference claim is dismissed without prejudice.

### III.  The Lanham Act

Plaintiff lastly brings a claim under Section 43(a) of the Lanham Act for Defendants' alleged use of "false designations of origin and false descriptions" when they allegedly sold Plaintiff's products as their own. (Compl. ¶ 63.) Section 43(a) establishes liability for "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that:

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

6

15 U.S.C. § 1125(a)(1)(A)-(B). To state a claim under Section 43(a), a plaintiff "must allege that (1) goods or services are involved, (2) interstate commerce is affected, and (3) there is a false designation of origin or a false description or representation with respect to those goods or services in commerce." *Sun Trading Distrib. Co. v. Evidence Music, Inc.*, 980 F. Supp. 722, 727 (S.D.N.Y. 1997).

A false designation of origin can be shown if the party participated in "reverse passing off." *Waldman Publ. Corp. v. Landoll, Inc.*, 43 F.3d 775, 780 (2d Cir. 1994). To establish a Lanham Act violation based on reverse passing off, the plaintiff must prove that "(1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin." *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995).

Defendants aver that the Complaint alleges vague and conclusory allegations, as Plaintiff fails to state how Defendants falsely designated its products, or how this was likely to cause confusion. (Mem. at 6.) In response, Plaintiff argues broadly that Defendants' products included its intellectual property and that they were not credited. (Opp. at 8.) Plaintiff did not allege a single, specific product that was originated by them and falsely designated by Defendants, and therefore its claim fails. *See Aviation Fin. Co. Ltd. v. Chaput*, No. 14 Civ. 8313 (CM), No. 14 Civ. 8315 (CM), 2015 WL 13203653, at *28 (S.D.N.Y. Mar. 12, 2015) (dismissing Lanham Act claim where the plaintiff failed to refer to "a particular good, service, or commercial activity"). Plaintiff's conclusory allegations are insufficient.

Accordingly, Plaintiff's Lanham Act claim is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED in part and DENIED in part. The surviving claim is Plaintiff's breach of contract claim against LoxySoft AB. Plaintiff is granted leave to file an Amended Complaint as to any claims that have not been dismissed with prejudice. If Plaintiff chooses to do so, Plaintiff will have until January 18, 2022 to file an Amended Complaint consistent with this order. Defendants are then directed to answer or otherwise respond by February 10, 2022. If Defendants file an Answer to the Amended Complaint, the parties are then directed to complete and file the Case Management Plan and Scheduling Order attached to the Court's June 29, 2020 Order (ECF No. 13) within 21 days of Defendants' filing.

If Plaintiff fails to file an Amended Complaint within the time allowed, and he cannot show good cause to excuse such failure, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice. If no Amended Complaint is timely filed, the parties are directed to complete and file the Case Management Plan and Scheduling Order by February 10, 2022.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.

Dated: December 16, 2021        SO ORDERED:
White Plains, New York

_____
       NELSON S. ROMÁN
       United States District Judge