USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CALLTROL CORPORATION,

                       Plaintiff,

        -against-

LOXYSOFT AB and LOXYSOFT INC.,

                       Defendants.

----------------------------------------------------------------X

18-cv-09026-NSR-VR

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

Currently before the Court is Plaintiff Calltrol Corporation's (hereinafter, "Calltrol") motion to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, which seeks to add LoxySoft Inc.,[1] LeadDesk Oyj, LeadDesk Solutions AB, and LeadDesk Solutions AS as defendants. (ECF No. 82). For the reasons that follow, Calltrol's motion is DENIED as to adding LoxySoft Inc., LeadDesk Oyj, and LeadDesk Solutions AS as defendants. However, Calltrol may amend the caption of the complaint to make clear that LoxySoft AB has been renamed "LeadDesk Solutions AB."[2]

### I.    BACKGROUND[3]

**A. The Original Complaint**

On October 6, 2018, Calltrol filed a complaint against Defendants LoxySoft AB and LoxySoft Inc., alleging that they violated the terms of a Reseller Agreement entered into by

---

[1] The proposed amended complaint names LoxySoft USA in the caption but its allegations only refer to LoxySoft Inc. For purposes of this motion, the Court assumes Calltrol intended to name LoxySoft Inc. as one of the defendants.
[2] As Defendants concede, LoxySoft AB has been renamed LeadDesk Solutions AB, so that LeadDesk Solutions AB is already a party to this action. (ECF No. 95 at 3).
[3] The following facts are taken from Calltrol's Complaint (ECF No. 5), unless otherwise stated, and are accepted as true and construed in the light most favorable to Calltrol for purposes of this motion.

Calltrol and LoxySoft AB on March 29, 2002.[4] (ECF No. 5). The complaint contains a breach of contract claim against LoxySoft AB, as well as claims for tortious interference, unfair competition, deceptive business practices, and unfair competition against both LoxySoft AB and LoxySoft Inc. *Id.* The complaint further alleges that LoxySoft Inc. "is a wholly owned-subsidiary of LoxySoft AB" and that "LoxySoft AB directs and manages the actions of LoxySoft Inc." *Id.* at ¶¶ 4-5.

A copy of the Reseller Agreement was attached to the complaint and incorporated by reference. (*See* ECF No. 5-1). The agreement states that it is governed "in accordance with the laws of the State of New York without regard to conflicts of laws" (*id.* at § 8.2), and "may not be modified except by a writing signed by a duly authorized representative of each of the parties." *Id.* at § 8.6. Section 8.8 states that the agreement is not assignable without advanced written consent. *Id.*

**B. The Motion to Dismiss and Case Management Plan**

On April 12, 2021, Defendants filed a motion to dismiss. (ECF No. 20). In Calltrol's response in opposition, it stated that "Plaintiff understands that LoxySoft A.B. was acquired in November 2020 by LeadDisk Oyj. This acquisition is not believed to defeat any aspect of the claims asserted against defendants." (ECF No. 24 at 5 n. 2). On December 16, 2021, Judge Nelson Román granted Defendants' motion in part, leaving only the breach of contract claim against LoxySoft AB remaining. (ECF No. 26). Judge Román ordered January 18, 2022, as a deadline for Calltrol to file an amended complaint as to any claims that were not dismissed with prejudice. *Id* at 8. Judge Román specified that if Calltrol fails to file an Amended Complaint within the time allowed and cannot show good cause to excuse such failure, the claims dismissed

---

[4] LoxySoft AB signed the agreement on February 2, 2002, and Calltrol signed the agreement on March 29, 2002. (ECF No. 5-1 at 5). Per Section 7.1, the agreement takes effect on the date last signed. (*See* ECF No. 5-1 at 4).

without prejudice will be deemed dismissed with prejudice.  *Id.*  Judge Román also ordered that if no amended complaint is filed, then the parties are to file a Case Management Plan and Scheduling Order ("CMP") by February 10, 2022.  *Id.*

Ultimately, a proposed CMP was filed on April 14, 2023, and entered on May 5, 2023.  (ECF Nos. 74 and 79).  The CMP states that: "Amended pleadings may be filed until LEAVE OF COURT REQUIRED."  (ECF No. 79 at 1).

### C. The Proposed Amended Complaint

On April 28, 2023, Calltrol sought leave from Judge Román to file an amended complaint to add LeadDesk Oyj, LeadDesk Solutions AB, and LeadDesk Solutions AS.  (ECF No. 76).  Judge Román denied the request and directed Calltrol to re-apply before Judge Paul Davison (*ret.*).  (ECF No. 77).  Judge Davison granted Calltrol's motion for leave to amend its complaint and directed Calltrol to append its proposed amended complaint to the motion.  (ECF No. 80).

On May 15, 2023, Calltrol filed a motion to amend its complaint to add the LeadDesk entities but did not append a proposed amended complaint.  (ECF No. 82).  According to Calltrol, on or about January 4, 2021, LeadDesk Oyj acquired LoxySoft AB and the Norwegian company LoxySoft AS as wholly owned subsidiaries.  (ECF No. 87 at 2).  LoxySoft AB was renamed LeadDesk Solutions AB and LoxySoft AS was renamed LeadDesk Solutions AS.  *Id.*  Plaintiff now seeks to add the LeadDesk entities to procure discovery that LoxySoft AB has allegedly failed to provide and to seek damages related to alleged continued violations of the Reseller Agreement.  *Id.*  On May 30, 2023, Defendants responded, arguing that they are complying with their discovery obligations (making the added parties unnecessary) and that it would be futile to join the LeadDesk entities in any case.  (ECF No. 92).  Defendants also argued that Calltrol has unduly delayed filing this motion and that adding the LeadDesk entities would

cause LoxySoft prejudice. (ECF No. 92). On June 6, 2023, Calltrol filed their reply and appended their proposed amended complaint. (ECF No. 93). Calltrol's proposed amended complaint differs from the previous amended complaint in that it (1) adds LeadDesk Oyj, LeadDesk Solutions AB, and LeadDesk Solutions AS as parties, (2) adds LoxySoft Inc. to the first breach of contract claim, and (3) brings a second breach of contract claim against the LeadDesk entities. (*Compare* ECF 5-1 and 93-1).

## II. LEGAL STANDARD

### A. Leave to Amend under Rules 15 and 16

The standards for amending pleadings are governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. A Plaintiff may freely amend his or her pleadings as of right without the court's permission 21 days after serving the pleading, or 21 days after service of a responsive pleading or motion under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1). Thereafter, a party may only amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so requires. *Id.* This is a "liberal" and "permissive" standard. *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021). The liberality in granting leave to amend applies to requests to amend a complaint to add new parties. *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d. Cir. 2010).

The period of "liberal" amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted.[5] *Sacerdote*, 9 F.4th at 115. After such a deadline, a plaintiff's proposed amendment requires a showing of "good cause." *Id.* However, if the scheduling order does not set a date after which no amendments are permitted, but instead

---

[5] Under Rule 16(b)(3)(a), the required contents of a scheduling order include time limitations to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P 16(b)(3)(a).

states in substance that leave of the court is required to amend, then the more permissive Rule 15 standard applies. *Id.* Here, Judge Davison issued the first scheduling order in this case and stated that "Amended pleadings may be filed until LEAVE OF COURT REQUIRED." (ECF No. 79). Because this scheduling order stated that leave of court is required to amend, the more permissive Rule 15 standard applies. *Sacerdote*, 9 F.4th at 115.[6]

### B. Futility to Amend under Rule 15 and Rule 12(b)(6)

Even under the more permissive Rule 15 standard, leave to amend may still be denied upon a showing of undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d. Cir. 2008). An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Lucente v. Int' Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

---

[6] Judge Román's December 16, 2021, order on Defendant's motion to dismiss did state that if Calltrol fails to file an amended complaint as to any claims that were not dismissed with prejudice before January 18, then they must show good cause (the Rule 16 standard) to file an amended complaint thereafter. (ECF No. 26 at 8). However, this order specifically applied to amendments as to any claims that were not dismissed with prejudice, none of which are at issue now. In addition, Judge Román's order is not a "scheduling order,' because it does not contain the required contents under Rule 16(b)(3), such as deadlines for discovery and motions. Nor was the order intended to be a scheduling order because it set a later deadline for the parties to submit a case management plan and scheduling order. (ECF No. 26 at 8).

Even if the Court were to consider January 18, 2022, as the deadline to amend the complaint and were to analyze Calltrol's motion under the Rule 16 "good cause" standard, their motion would still be denied. "Good cause" is demonstrated by a showing that "despite its having exercised diligence, the applicable deadline could not have been reasonably met" by the plaintiff. *Soroof Trading Dev. Co. v. GE Microgen*, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012). Thus, if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied. *Id.* Here, Calltrol has known that LeadDesk acquired LoxySoft since at least March 16, 2021 (ECF No. 24 at p. 5 n. 2; ECF No. 26 at 8) and does not detail how, despite exercising due diligence, they could not meet the Court's January 18, 2022, deadline to amend the complaint. In addition, even when Rule 16 applies, a motion to amend must still meet the requirements of Rule 15. *Soroof*, 283 F.R.D. at 148. Thus, even if the Court applied Rule 16, Plaintiff's motion to amend would still be denied as futile under Rule 15.

there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.  DISCUSSION

**Calltrol's Proposed Amended Complaint Would Be Futile.**

Calltrol's proposed amendment to add LoxySoft Inc., LeadDesk Oyj, and LeadDesk Solutions AS as defendants to assert a breach of contract claim against them would be futile, because such a claim could not withstand a motion to dismiss, pursuant to Rule 12(b)(6).[7] The corporate signatories to the Reseller Agreement are "Calltrol Corporation" and "LoxySoft AB." (ECF No. 5-1 at 5). "It is hornbook law that a nonsignatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract." *Mirage Ent., Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 39 (S.D.N.Y. 2018) (citation omitted); *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 216 (S.D.N.Y. 1997). By its terms, the Reseller Agreement is not assignable without advanced written consent of Calltrol (ECF No. 5-1 at ¶ 8.8), and the proposed amended complaint does not allege that LeadDesk Oyj, LeadDesk Solutions AS, or LoxySoft Inc. assumed or were assigned the Reseller

---

[7] Because defendant LoxySoft AB has been renamed LeadDesk Solutions AB, any amendment as to them is not strictly necessary. But the Court will grant Calltrol the ability to amend the caption to properly name LeadDesk Solutions AB.

Agreement, with or without written consent. (ECF No. 92 at 4; ECF No. 95). Thus, the proposed amended complaint does not contain sufficient factual content to state a claim for breach of contract against LoxySoft Inc., LeadDesk Oyj, or LeadDesk Solutions AS, making it futile to add them as parties. *See Iqbal*, 556 U.S. at 678.

Although LeadDesk Oyj is not a signatory to the Reseller Agreement, arguably, the Court could construe the allegations in the proposed amended complaint to suggest that LeadDesk Oyj should be treated as one by virtue of its role as the corporate parent of LoxySoft AB (now, LeadDesk Solutions AB). In theory, LeadDesk Oyj (as a non-signatory) could be held liable for breach of the Reseller Agreement if Calltrol were to establish sufficient facts to pierce the corporate veil. *See Jiangsu High Hope Corp. v. Parigi Grp. Ltd.,* No. 17-CV-1570 (PAC), 2018 WL 1603868, at *3 (S.D.N.Y. Mar. 29, 2018) (applying veil-piercing analysis to determine whether parent corporation could be held liable as non-signatory to agreement); *Mirage Ent., Inc.*, 326 F. Supp. 3d at 34 ("New York law permits a plaintiff to 'pierce the corporate veil' and sue a non-signatory for breach of contract when the non-party is an alter ego of one or more signatories."); *Sykes v. Mel Harris & Assocs.,* LLC, 757 F. Supp. 2d 413, 430 (S.D.N.Y. 2010). Under New York law,[8] at the motion to dismiss stage, this Court looks to whether the amended complaint has plausibly alleged two elements: "(1) the owner exercised complete domination over the corporation with respect to the transaction at issue, and (2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Jiangsu High Hope Corp.*, 2018 WL 1603868, at *3 (citing *MAG Portfolio Consultant, GMBH v. Merlin Biomed*

---

[8] Under Section 8.2, the Reseller Agreement states that it is governed by and construed in accordance with the laws of the State of New York without regard to conflicts of laws. (ECF No. 5-1 at ¶ 8.2) The Court thus applies New York law to analyze Calltrol's potential veil-piercing claim. The Second Circuit has similarly applied New York law for a contract containing a similar choice of law provision. *See Analect LLC v. Fifth Third Bancorp*, 380 F. App'x 54, 56-57 at n. 2 (2d Cir. 2010) (summary order) (applying New York veil piercing law when disputed contract stated that it was governed by New York law).

*Grp. LLC,* 268 F.3d 58, 63 (2d Cir. 2001)); *see also Sykes*, 757 F.Supp.2d at 430. The standard for piercing the corporate veil is "very demanding." *Jiangsu High Hope Corp.*, 2018 WL 1603868, at *4 (citing *Capmark Financial Grp. Inc. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013)); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 418 (S.D.N.Y. 2011).

When determining whether an owner exercised complete domination over the corporation – the first prong of the analysis – courts consider several factors, including "(1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities." *Jiangsu High Hope Corp.*, 2018 WL 1603868, at *3 (internal citation omitted); *see also In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d at 418 (listing relevant factors, including whether "corporation is a mere sham acting for the shareholder"). Notably, at the motion to dismiss stage, "[i]t is clear that simply owning, even wholly owning, a subsidiary is insufficient to pierce the corporate veil." *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d at 419; *Jiangsu High Hope Corp.*, 2018 WL 1603868, at *4 ("conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss").

Here, the proposed amended complaint does not even allege that LeadDesk Oyj exercised complete domination or control over LoxySoft AB with respect to the transaction at issue. At most, the amended complaint alleges that LoxySoft AB is a wholly owned subsidiary of

LeadDesk Oyj (*id.* at ¶ 6),[9] and that after the January 4, 2021, acquisition of LoxySoft AB, LeadDesk Oyj impermissibly sold products in violation of the Reseller Agreement. (*Id.* at ¶¶ 38, 40). However, even drawing all inferences in Calltrol's favor, the amended complaint does not address any of the veil-piercing considerations discussed above, such as whether these entities disregarded corporate formalities, shared corporate executives, siphoned or intermingled funds, had inadequate capitalization, or that one was merely a sham for the other. (ECF No. 93-1). Merely asserting that a company is a wholly owned subsidiary is not enough to pierce the corporate veil and Plaintiff's proposed amended complaint fails to offer sufficient facts to plausibly allege a veil piercing claim. *See In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d at 419; *Sykes*, 757 F.Supp.2d at 429; *Yucyco,* 984 F. Supp at 216.

      Prong two of the veil-piercing analysis requires the Court to determine whether a parent corporation's complete domination of their subsidiary was used to commit a fraud or wrong that injured the party seeking to pierce the veil. *See Sykes*, 757 F.Supp.2d at 430. Because the Court has found that Calltrol has not sufficiently alleged that LeadDesk Oyj exercised complete domination over LoxySoft AB, the Court cannot conclude that such domination was used to commit a fraud or wrong.[10]

---

[9] Calltrol's motion papers are slightly more specific than the amended complaint. For instance, Calltrol mentions that the product team worked hard to "combine the best parts of LoxySoft and LeadDesk." (ECF No. 87 at 3). However, if a litigant fails to sufficiently allege a veil piercing theory in their amended complaint, they cannot amend with briefing papers. *See Yucyco,* 984 F. Supp at 216. Regardless, although slightly more specific than the complaint, even Plaintiff's motion papers do not address the considerations above.

[10] The Court notes that the proposed amended complaint does contain allegations that LeadDesk Oyj, by itself or through its agents, "has been selling Prohibited Products in violation of the Reseller Agreement." (ECF 93-1 at ¶ 38). Although the Court has determined that these allegations fail to state an independent breach of contract claim against LeadDesk Oyj, the Court makes no finding about whether such allegations could further support Calltrol's remaining breach of contract claim against LoxySoft AB or some other claim against LeadDesk Oyj.

Accordingly, Calltrol's proposed amendment to add LoxySoft Inc., LeadDesk Oyj, and LeadDesk Solutions AS as defendants to assert a breach of contract claim against them would be futile and must be denied.

## CONCLUSION

For the foregoing reasons, Calltrol's motion to amend is DENIED. However, Calltrol may amend the caption of the complaint to make clear that LoxySoft AB has been renamed "LeadDesk Solutions AB." Any future amendments to the complaint will only be granted upon a showing of good cause and the parties' scheduling order is amended accordingly. The clerk of the Court is respectfully requested to terminate the pending motion (ECF No. 82).

**SO ORDERED.**

DATED:   White Plains, New York
         August 8, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge