UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Calltrol Corp.,

                           Plaintiff,                         7:18-cv-09026-NSR-VR

         -against-                                  **ORDER**

Loxysoft AB et al.,

                           Defendant.
-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

By letter motion, Calltrol requests leave to depose at least one additional witness of Defendants, even though fact discovery is closed. (ECF No. 133). Loxysoft opposes. (ECF No. 135).[1] For the reasons below, Plaintiff's request for additional discovery is **DENIED.**

## BACKGROUND

At its core, this case is about "Plaintiff's assertion that [Defendants] improperly developed [a] prohibited competing product in violation of Section 6.3 of the parties' Reseller Agreement[.]" (ECF No. 133). Whether Defendants violated the terms of the agreement appears to turn, in large part, on whether their accused product required "software development" to implement. (ECF No. 133).

Throughout discovery, Defendants have argued that the accused product relies on an open-source algorithm, such that no software development was necessary. (ECF No. 135). Their expert, Mr. Bates, apparently explained as

---

[1] Calltrol also requests leave to file a motion *in limine* to exclude the testimony of Loxysoft's expert witness for failing to satisfy Rule 702 of the Federal Rules of Evidence. (ECF No. 136). But the Court declines to rule on this request because it should be directed to the District Judge.

much in his report. (*Id.*) In reaching his opinions, that same expert relied in part on conversations with two of the developers of the accused product, Messrs. Bylander and Lund. (ECF No. 136).

As early as February 10, 2022, "Loxysoft identified Messrs. Bylander and Lund as individuals likely to have discoverable information in its Rule 26(a)(1) Initial Disclosures." (ECF No. 135). But Plaintiff elected not to depose them during fact discovery. Instead, Plaintiff deposed other witnesses, including Defendants' principal, Mr. Tobias Sjolander. (ECF Nos. 133, 135). Plaintiff now seeks to depose Messrs. Bylander or Lund, arguing that testimony from LoxySoft's expert raised questions about LoxySoft's implementation of the accused product, thereby opening the door for Plaintiff to depose these witnesses it earlier elected not to depose. (ECF No. 133).

Plaintiff's current request is not the first time they have sought a ruling from the Court about these depositions. On June 13, 2024, Calltrol submitted a letter to the Court seeking leave to depose Messrs. Bylander and Lund after the close of fact discovery. (ECF No. 129) In their request, Plaintiff argued that fact witness Sjolander could not answer technical questions about the accused product and that his testimony, and that of Defendant's expert Mr. Bates, contradicted documentary evidence. (*Id.*) As a result, Plaintiff argued that they were entitled to depose Messrs. Bylander and Lund, the developers of the accused product. After hearing arguments from the parties on June 14, 2024,

2

the Court ruled on the record, denying Calltrol's request to reopen fact discovery. (ECF No. 131 (Minute Entry)).

On June 28, 2024, Calltroll renewed its request for leave to depose Messrs. Bylander and Lund. (ECF No. 133). Calltroll argues that "neither Mr. Sjolander nor Mr. Bates . . . were able to explain how the algorithm and FREESWITCH were combined in order to implement the accused product without the use of software development." (*Id.*). And, as noted above, Calltroll also argues that testimony from Defendant's expert (and his reliance on conversations with Bylander and Lund to reach his opinions) opened the door to deposing these witnesses now. In response, Loxysoft opposes Calltroll's request, asserting that Calltrol "had ample time to notice and depose" Messrs. Bylander and Lund but neglected to do so. (ECF No. 136). Loxysoft also argues that "Calltrol's disagreement with LoxySoft's expert as to the definition of 'development' is not good cause to reopen fact discovery[.]" (*Id.*)

## DISCUSSION

While the "deposition-discovery regime . . . is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose[,] . . . the federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 69 (2d Cir. 2003) (internal quotation marks omitted). In this case, Calltrol argues that its request is "not a tardy request for fact discovery, but rather [an] investigation of the bases relied upon"

3

by LoxySoft's technical expert. (ECF No. 136). But the witnesses Calltrol seeks to depose in its "investigation" are indeed fact witnesses who were known to them from the outset of the case, not newly identified witnesses relied on by the expert. To that end, courts in this circuit "generally consider six factors in deciding whether good cause to re-open fact discovery exists[.]" *Ahmed v. City of New York*, No. 22-CV-8007, 2024 WL 2884039, at *1 (S.D.N.Y. May 23, 2024). They are: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Id.* (quoting Carroll v. Trump, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023)).

Here, the balance of all these factors weighs against reopening discovery. It is true that the first factor (the imminence of trial) and the sixth factor (whether discovery will lead to relevant evidence) both weigh in favor of reopening discovery. No trial date has yet been set, and perhaps deposing two developers about product development would lead to relevant evidence.[2]

But all other relevant factors (two, four, and five) weigh heavily against reopening discovery. Under the second factor, Defendant vigorously opposes

---

[2] The Court considers the third factor (whether LoxySoft would be prejudiced) to be neutral. On the one hand, it seems obvious that reopening discovery to depose one or more fact witnesses at this late date would add more cost and delay to this long-delayed case. Yet, LoxySoft did not argue prejudice in its opposition.

Calltrol's request (ECF No. 135). And most importantly, Calltrol has not been diligent in trying to depose these witnesses (factor four), even though their need for this evidence was entirely foreseeable (under factor five). As noted above, Calltrol's assertion that LoxySoft improperly developed a prohibited competing product in violation of the parties' Reseller Agreement is a central claim in the case. (ECF No. 133). Messrs. Bylander and Lund—the witnesses that Calltrol now seeks to depose—are "developers" for LoxySoft. (*Id.*) And according to the parties, Calltrol knew about Bylander and Lund at the outset of this case but chose not to depose them during fact discovery. That LoxySoft's expert witness relied on conversations with these witnesses in preparing his expert report does not give Calltrol cause for deciding to depose these witnesses now. Indeed, courts in this circuit have refused to re-open discovery where "a party has faced no impediment in conducting a deposition before the close of discovery." *Ahmed*, 2024 WL 2884039, at *2 (quoting *Castillio v. ELG Parking Inc.*, No. 1:21-CV-2550 (AT) (KHP), 2023 WL 9491724, at *2 (S.D.N.Y. Apr. 4, 2023)).[3]

Additionally, there is no dispute that LoxySoft identified the algorithm and code they claimed to use to implement the accused product as early as

---

[3] For context, the Court has extended the parties' ultimate discovery deadline many times already, which has provided Calltrol with multiple opportunities to seek additional discovery within the deadlines set by the Court. Nearly one year ago, the Court extended the parties' ultimate discovery deadline from September 29, 2023, to November 28, 2023, so that Calltrol could "obtain documents it has previously requested from defendants[.] (ECF No. 99). Two months later, on October 6, 2023, the Court again extended several of the parties' discovery deadlines, ruling that all discovery needed to be completed by February 9, 2024. (ECF No. 104). Thereafter, the Court granted extensions five more times, with the most recent extension extending the expert discovery deadline to June 21, 2024. (ECF No. 130). When issuing the last extension, the Court made clear that no further extensions would be granted absent good cause. (ECF No. 121).

November 2023. (ECF No. 135). But Calltrol only now claims to have insufficient information about these products – after the close of fact discovery – and thus needs to depose Messrs. Bylander or Lund to learn more. These were strategic choices by Calltrol, who could have pursued this discovery earlier but did not. Because Calltrol had the opportunity to seek this discovery earlier and their need for it was foreseeable, these factors heavily favor denying Calltrol's request to re-open discovery.

## **CONCLUSION**

For the above reasons, Plaintiff's request is **DENIED.**

**SO ORDERED.**

DATED:   White Plains, New York
         August 6, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge