USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/6/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALLTROL CORPORATION,

                    Plaintiff,

—against—

LOXYSOFT AB and LOXYSOFT INC.,

                    Defendants.

18-CV-9026 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Calltrol Corporation ("Plaintiff") moves pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3 for reconsideration of this Court's September 24, 2025 Opinion & Order granting in part and denying in part Plaintiff's motion to strike the expert report of Defendants' expert, Regis J. Bates Jr. ("Bates"). (ECF No. 161, the "September Opinion.") For the following reasons, Plaintiff's motion is DENIED.

**BACKGROUND**

The Court assumes familiarity with the broader factual record and recounts only those facts necessary to resolve the instant motion.

Calltrol initiated this action in October 2018, alleging that Loxysoft breached a 2002 reseller agreement by developing competing call center products without proper notice of termination. Defendants deny that characterization, contending their products were independently developed or derived from publicly available technology. (Compl., ECF No. 1.) After the Court narrowed the claims on a motion to dismiss, Defendants moved for summary judgment. (ECF No. 43.) The Court rendered a decision on March 15, 2023, denying Defendants' motion. (ECF No. 71.)

During expert discovery, Defendants served the expert report of Regis J. Bates Jr. concerning telecommunications systems and predictive dialers. (Bates Report, ECF No. 156-1.) Plaintiff subsequently moved to strike Bates's opinions. (ECF No. 148.) In its September Opinion, the Court granted the motion in part, precluding Bates from offering opinions on business, economic, and

contractual issues, while permitting him to testify on certain technical subjects within his expertise. (*See generally* September Opinion.)

Plaintiff now is moving for reconsideration of that ruling. (Pltf. Mot., ECF No. 167.) Plaintiff filed its supporting memorandum on October 10, 2025. (Pltf. Mem., ECF No. 168.) Defendants opposed the motion (Opp., ECF No. 174), and Plaintiff thereafter filed a reply. (Reply, ECF No. 175.)

## LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at * 1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, *L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

Specifically, "[r]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Drapkin v. Mafco Consol. Grp., Inc.,* 818 F. Supp. 2d 678, 695–96 (S.D.N.Y. 2011) (quoting *Christoforou v. Cadman Plaza N., Inc.,* No. 04 Civ. 08403(KMW), 2009 WL 723003, at *7 (S.D.N.Y. March 19, 2009)). Such motions "are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Id.*

## DISCUSSION

Plaintiff's motion identifies no controlling authority or overlooked factual matter that would alter the Court's prior ruling. Instead, it repackages the same objections to Bates's qualifications, methodology, and reliance on Defendants' representations that the Court already rejected.

## I.    Plaintiff's IBM Algorithm Arguments Were Already Decided and Do Not Require Firsthand Inspection

Plaintiff centers its motion on Bates's deposition testimony that he did not personally search for or inspect the IBM algorithm referenced in his report and did not know which specific IBM algorithm Defendants used. (Pltf. Mem. at 1, 5–6.) Calltrol contends these admissions undermine Bates's opinions on public availability, interoperability, and whether further software development would have been necessary. (*Id.* at 7–8.)

However, Plaintiff made the same argument in its original motion to strike — that Bates relied on Defendants' representations rather than independent investigation. (Pltf. Mot. to Strike Br. at 7–8, ECF No. 153.) The September Opinion addressed it directly, acknowledged that Bates could have done more, and held that the identified shortcomings bore on weight, not admissibility. (September Opinion at 8–9.) The Court sees no reason to revisit that determination.

Plaintiff's deposition excerpts do not change the analysis. (*See* Reply at 2–3.) At most, they provide greater detail concerning the same issue already before the Court: Bates acknowledged that

3

he did not personally identify or inspect the precise IBM algorithm discussed by Defendants. Reframing a previously rejected argument with more pointed transcript excerpts does not convert it into a newly overlooked fact warranting reconsideration. *Analytical Surveys*, 684 F.3d at 52.

Plaintiff's Rule 703 argument fares no better. Plaintiff contends that Bates improperly relied on Defendants' descriptions of the IBM integration component without independently verifying the underlying algorithm. (Pltf. Mem. at 7-8.) But Rule 703 permits an expert to rely on facts or data "made known" to him where experts in the field would reasonably rely on that type of information. Fed. R. Evid. 703. The Court previously considered whether Bates's reliance satisfied that standard and concluded that it did. (September Opinion at 12–13.) Given Bates's experience in telecommunications systems, it was not improper for him to rely on technical implementation information provided by the engineers and operators responsible for integrating the dialing component into the FreeSWITCH environment, particularly where his opinions concerned system integration and interoperability rather than source-code verification or reverse engineering.

Plaintiff also argues that Bates was required to personally inspect the IBM algorithm before offering the challenged opinions. (Pltf. Mem. at 5–9.) The Court disagrees. Nothing in Rules 702 or 703 imposed a categorical requirement that Bates personally inspect the IBM algorithm before offering the challenged opinions here. Rule 702 establishes a "liberal standard of admissibility" focused on whether testimony rests on a reliable foundation and will assist the trier of fact, not on whether the expert has firsthand knowledge of each underlying fact. *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005); *Daubert,* 509 U.S. at 597 (1993); *Kumho Tire*, 526 U.S. at 141. Rule 703 reinforces this by permitting reliance on facts made known to the expert. *See United States v. Locascio*, 6 F.3d 924, 937–38 (2d Cir. 1993).

Bates was not offered to authenticate source code or reverse engineer a proprietary system. His opinions addressed broader technical issues, including whether predictive dialing algorithms of the type described were publicly available and whether integrating such a component into a call-

center environment would generally require substantial original development. Those subjects fall within the telecommunications and predictive-dialer expertise the Court previously found Bates possessed. (September Opinion at 12–13.)

Moreover, Bates's opinions concerning FreeSWITCH were not based solely on information provided by Defendants. The report reflects that he independently reviewed publicly available FreeSWITCH materials, including technical documentation, website information, and system diagrams depicting how the platform interfaces with telephony providers, routers, PBX systems, and predictive dialing components. (Bates Report ¶ 23(d), ¶¶ 67–69 & Fig. D.) Bates's reliance on Defendants' representations was limited to the IBM integration component specifically. To the extent Plaintiff contends Bates should have conducted additional independent verification of that component, such criticism goes to the weight of the testimony, not its admissibility. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002); *Figueroa*, 254 F. Supp. 2d at 368 (quoting *Lappe v. Am. Honda Motor Co.*, 857 F. Supp. 222, 228 (N.D.N.Y.1994) (an expert neglecting "to perform some 'essential' tests or measurements ... go[es] to the weight of his testimony, not its admissibility.")).

Plaintiff remains free to probe the extent of Bates's independent verification through cross-examination, and the jury may weigh his testimony accordingly. But the Court's prior determination that the testimony satisfies Rule 702 does not warrant reconsideration.

## II.    The September Opinion Drew the Correct Line

The September Opinion did not admit Bates's report in its entirety. The Court carefully separated opinions within Bates's expertise from those outside it, drawing a considered line between technical opinions (concerning telecommunications systems, predictive dialers, and call-center architecture) and non-technical opinions on business valuation, economic damages, and contract interpretation. (September Opinion at 6–14.) The Court excluded the latter category in its entirety. (*Id.*)

That line follows directly from Rule 702's requirement that expert testimony fall within the witness's area of expertise. *See Davis v. Carroll*, 937 F. Supp. 2d 390, 413 (S.D.N.Y. 2013) (striking portions of expert report outside the witness's competence while admitting those within it). Bates's five decades in telecommunications qualify him to address how such systems are built, deployed, and integrated. (September Opinion at 11-12.) They do not qualify him to opine on contract interpretation or damages. (*Id.* at 8-11.) Courts may admit portions of an expert's report within his competence and exclude the rest. *Kumho Tire,* 526 U.S. at 152. That is what the Court did here.

Plaintiff's motion does not identify any error in where that line was drawn. It asks the Court to redraw the same line more favorably to Plaintiff. This is not a proper basis for reconsideration, but rather an attempt to relitigate issues already decided. *Analytical Surveys*, 684 F.3d at 52.

### III.    Any Remaining Criticisms Go to Weight and Credibility, Not Admissibility

Plaintiff contends that Bates applied inconsistent standards when evaluating Plaintiff's products and Defendants' technical explanations. (Pltf. Mem. at 8–9.) That argument was raised, in substance, on the original motion, and the Court concluded that Bates employed a sufficiently reliable, experience-based methodology. (September Opinion at 12–13.)

Even accepting Plaintiff's characterization of the record, those criticisms go to the weight of Bates's opinions, not their admissibility. *See Daubert,* 509 U.S. at 596 ("vigorous cross-examination" and "presentation of contrary evidence" are the appropriate means of attacking "shaky but admissible evidence"). The Court's role at this stage is limited to determining whether the testimony rests on a sufficiently reliable basis to assist the trier of fact. *See Nimely*, 414 F.3d at 395. The Court previously found that Bates's methodology, grounded in his decades of industry experience, was sufficiently reliable for the jury's consideration, and imposed appropriate limitations on the scope of Bates's testimony. Plaintiff has shown no basis to disturb that conclusion.

## IV.  No Clear Error or Manifest Injustice

Plaintiff has not shown clear error or manifest injustice warranting reconsideration. *Drapkin,* 818 F. Supp. 2d at 695–96. The September Opinion applied the Rule 702 framework to each category of challenged testimony and limited Bates's opinions to technical subjects within his experience. The Court excluded his opinions concerning business valuation, economics, and contract interpretation altogether. (September Opinion at 6–14.) Plaintiff's disagreement with that ruling does not establish clear error.

Nor has Plaintiff shown manifest injustice. The Court considered the limitations Plaintiff identifies and concluded that they affected the weight of Bates's technical opinions, not their admissibility. Plaintiff remains free to challenge those opinions through cross-examination and competing expert testimony at trial. But reconsideration is not an opportunity to relitigate arguments the Court has already considered and rejected. *See Glory Wealth Shipping Serv. Ltd. v. Five Ocean Corp.*, 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008).

## CONCLUSION

For the foregoing reasons, Plaintiff Calltrol Corporation's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 167.

SO ORDERED:

Dated:    May 6, 2026
          White Plains, New York

NELSON S. ROMÁN
United States District Judge

7