USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALLTROL CORPORATION,

Plaintiff,

-against-

LOXYSOFT AB and LOXYSOFT USA,

Defendants.

No. 18-CV-9026

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Calltrol Corporation ("Plaintiff") moves pursuant to Local Civil Rule 6.3 and Federal Rules of Civil Procedure 54(b) and 60(a) for limited reconsideration, correction and clarification of this Court's August 4, 2026 Opinion & Order (ECF No. 185, the "Opinion") granting Defendants' motion to exclude the testimony and report of Plaintiffs' damages experts Kristin K. Kucsma, M.A. and A.E. Rodriguez, Ph.D (the "Experts"). For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND[1]

### I. Factual Background

The Court assumes familiarity with the broader factual record and recounts only those facts necessary to resolve the instant motion. Plaintiff initiated this action in October 2018, alleging that Defendants breached a 2002 reseller agreement by developing competing call center products without proper notice of termination. After the Court narrowed the claims on a motion to dismiss,

[1] The parties' briefs will be referred to herein as follows: Defendants' Memorandum of Law ("Dfts. Mem.," ECF No. 188), Plaintiff's Opposition ("Pltf. Opp.," ECF No. 192), Defendants' Reply ("Dfts. Reply," ECF No. 194). The expert report (ECF No. 178, Ex. A) will be referred to herein as the "Report."

Defendants moved for summary judgment. (ECF No. 43.) To quantify the lost profits allegedly caused by that breach, Plaintiff retained the Experts. The Experts state that they were asked "to calculate pecuniary damages owed Calltrol as a result of defendant's actions," and that they limited their analysis "to profits lost by Calltrol as a result of defendant's actions," expressly excluding any analysis of Calltrol's patents or exit strategy. (Report at 3.) The Experts assumed liability and did not independently audit the figures or data provided to them. (*Id.* at 4.) They opined that Calltrol's damages range from $3,710,311 to $4,256,846. (*Id.* at 2.)

The Report's damages calculation is based on what the Experts call the "Computer Telephony Integration Software Index," or "CTIS Index." (*Id.* at 8–10.) The Experts created the CTIS Index from the publicly traded stock prices of four companies: eGain Corp., 8x8 Inc., Five9 Inc., and Enghouse Systems. (*Id.* at 9.) The Report describes the CTIS Index as a "market performance metric based on publicly traded shares of the constituent firms" and that it "reflects what would have been Calltrol's performance but-for the events set forth in this matter." (*Id.* at 8.) The Experts then applied that index to Calltrol's historical income to "forecast Calltrol's lost income." (*Id.* at 10–12.)

## II. Procedural Background

Plaintiff filed its Complaint on October 2, 2018. (ECF Nos. 1, 5.) On December 19, 2025, Defendants moved to exclude the testimony and report of Plaintiff's damages experts, Kristin K. Kucsma, M.A., and A.E. Rodriguez, Ph.D., of Sobel Tinari Economics Group (together, the "Experts"). (ECF No. 176-77.) Plaintiff opposed (ECF No. 180), and Defendants replied (ECF No. 182).

On August 4, 2026, the Court granted Defendants' motion to exclude the Experts' testimony and Report "in their entirety." (ECF No. 185.) The Court held that because the CTIS

Index failed Rule 702(c), and because the Experts' damages figures are derived entirely from that Index, that defect alone required exclusion of the Report and the Experts' testimony. (*Id.*) Moreover, the Experts' failure to apply that methodology reliably to the facts of this case independently warrants exclusion under Rule 702(d), and the deficiencies in the data underlying their calculations under Rule 702(b) reinforce that conclusion. (*Id.*) On August 18, 2026, Plaintiff filed a motion for limited reconsideration, correction and clarification of the Opinion. (ECF No. 186-88.) Defendant opposed the motion and Plaintiff replied. (ECF Nos. 192, 194).

## LEGAL STANDARD

### I. Reconsideration

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)

Importantly, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) ("On such a [reconsideration

motion], a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Generally, these motions "'will [ ] be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

**II. Federal Rule of Civil Procedure 54(b)**

Rule 54(b) provides, in relevant part, that, prior to entry of a final judgment, an interlocutory "order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Second Circuit "limit[s] district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964)). Thus, those decisions may not usually be changed unless there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

**III. Federal Rule of Civil Procedure 60(a)**

Rule 60(a) provides that, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." District courts have discretion in modifying their judgments under Rule 60(a) based on their subjective assessment as

to whether their intentions are reflected accurately in the record. *See Ferguson v. Lion Holding, Inc.*, 2007 WL 2265579, at *3 (S.D.N.Y. Aug. 6, 2007). Rule 60(a) is not "meant to provide a way for parties to relitigate matters already decided, to charge errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *Peyser v. Searle Blatt & Co., Ltd.*, 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003) (internal quotation marks and citations omitted).

"In sum, then, Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 956 F.Supp.2d 402, 410 (E.D.N.Y. 2013) (internal quotation marks omitted). But the rule "does not allow a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.'" *Id.* at 410 (internal quotation marks and citations omitted).

**DISCUSSION**

Plaintiff argues that (i) the exclusion of the CTIS Index does not invalidate the underlying damages theory, (ii) that footnote 4 of the Court's Opinion confirms that historical financial evidence remains relevant, and (iii) that the record contains independent, admissible evidence to quantify damages.[2] (Pltf. Mem. at 3-6.) The Court will address each argument in turn.

*First*, Plaintiff argues that the Court's exclusion of the CTIS Index does not render other portions of the Report inadmissible, emphasizing that the sections entitled "Theory and Analysis"

---

[2] Plaintiff also argues that reconsideration is necessary to prevent the Court's August 4 Opinion from having an unintended dispositive effect. (Pltf. Mem. at 6.) Specifically, Plaintiff contends that "Defendants will likely weaponize

and "Loss Period" do not rely on the CTIS Index, and requests that the Court accept Exhibit A, a proposed redacted Report, as a substitute for the excluded Report. But, as Defendants correctly point out, the Court excluded the Report and the Experts' testimony "in their entirety" on multiple 702 grounds. (Def. Mem. at 6; Opinion at 3, 6, 13.) Although Plaintiff now seeks to preserve certain portions of the Report that purportedly do not rely on the CTIS Index, those portions nevertheless rest on the same underlying assumptions concerning causation, the but-for scenario, and relationship duration that the Court previously found unreliable. (Opinion at 11-12; *see* ECF No. 188-1 at 4-8.) Plaintiff cannot circumvent the Court's exclusion ruling by cutting out references to the CTIS Index and retaining opinions that depend on the same premises. *See in re Mirena IUS Levonorgestrel-Related Prod. Liability Litig.*, 387 F.Supp.3d 323, 344 (S.D.N.Y. 2019) (rejecting plaintiffs' attempt to rely on "snippets" of previously excluded expert reports to establish causation, reasoning that such an approach constituted an impermissible end-run around Rule 702 and the court's prior *Daubert* ruling.); *Sherman v. Bear Stearns Cos., Inc.*, 263 F.Supp.3d 446, 449–52 (S.D.N.Y. 2017) (rejecting a proposed revised expert report that omitted express references to an excluded damages methodology but continued to rely on the same underlying reasoning and assumptions). Accordingly, the Court declines to accept Plaintiff's proposed redacted Report, submitted as Exhibit A, as a substitute for the Report previously excluded in its entirety.

*Second*, Plaintiff argues that, because the Court previously found that Plaintiff's financial records supported the Experts' treatment of incremental costs as *de minimis*, the Experts should be permitted to apply that purportedly reliable and unchallenged methodology to Plaintiff's

---

the August 4 Opinion during forthcoming summary judgment proceedings to argue that the exclusion of the CTIS Index means Plaintiff cannot establish any damages." (*Id.*) However, neither the Court's August 4 Opinion nor the instant Opinion forecloses Plaintiff from seeking to establish damages through underlying financial records or other admissible evidence. Rather, as discussed below, the Court's ruling concerns the permissible scope of the Experts' testimony, not the admissibility of such evidence or Plaintiff's ability to establish damages through other means. See *infra* at 7-8.

underlying financial evidence and testify accordingly. (Pltf. Mem. at 4-5.) Plaintiff's argument is unavailing. Defendants moved to exclude the Report and the Experts' testimony in their entirety, and the Court granted that relief. The Court's observation in Footnote 4 that the record supported the Experts' treatment of incremental costs as *de minimis* did not constitute an independent determination that the Experts' methodology was reliable. Rather, as Ms. Kucsma herself explained, the consideration of incremental costs occurs only after the calculation of lost revenues. (ECF No. 193-1 at 122:13-18.) Because the Court found the methodology underlying the Experts' lost-revenue calculation unreliable, its observation concerning incremental costs does not independently support an admissible damages opinion.

*Lastly*, Plaintiff argues that, pursuant to Federal Rule of Evidence 703, the Experts should be permitted to testify concerning damages based on Plaintiff's underlying financial records and other admissible evidence, including historical revenues, incremental costs, and the damages period, to the extent their opinions are analytically independent of the excluded CTIS Index methodology. (Pltf. Mem. at 5-6.) As an initial matter, the Court does not disagree that Plaintiff's underlying financial records, including invoices, tax returns, and payment histories, may constitute admissible evidence. The Court, however, does not reach that question here. Rather, the relevant inquiry is whether the Experts may now offer damages opinions based on those records when they neither reviewed nor incorporated them into their original analysis. (*See* Report at 4; ECF No. 193-1 at 29:13-23; 105:13-19; 111:10-16.). Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii). Permitting the Experts to offer new damages opinions based on financial records not considered in their original analysis would allow Plaintiff to circumvent these

disclosure requirements long after the close of expert discovery. Accordingly, Plaintiff cannot invoke Rule 703 to introduce previously undisclosed expert opinions under the guise of relying on otherwise admissible financial evidence.

Plaintiff's motion identifies no controlling authority or overlooked factual matter that would warrant reconsideration the Court's prior ruling. Accordingly, the Court declines to afford Plaintiff a second bite at the apple, *see Analytical Surveys, L.P.*, 684 F.3d at 52, and denies its motion for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The stay of the summary judgment briefing schedule entered pursuant to the Court's August 19, 2026 Order (ECF No. 191) is hereby LIFTED. Defendants shall serve their anticipated motion for summary judgment on or before December 21, 2026. Plaintiff shall serve its opposition on or before February 5, 2027. Defendants shall serve their reply, if any, on or before February 23, 2027. All motion documents shall be filed on the reply date, February 23, 2027. The parties shall mail a paper courtesy copy and email an electronic copy of their motion documents to Chambers as they are served. The parties shall otherwise comply with the Court's Individual Rules of Practice governing summary judgment motions.

Dated: November 5, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge